UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 3 ♦ 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-269-GWU

LARRY W. GREEN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on the defendant's motion for summary judgment.[1]

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

---

[1] The plaintiff has not filed a motion for summary judgment with supporting memorandum with the Clerk of Court despite the undersigned's Order to Show Cause entered November 9, 2005. Docket Entry No. 5.

1

Green

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Green

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Green

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

4

Green

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning one of the specific steps in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n

### DISCUSSION

The plaintiff, Larry W. Green, applied for DIB and SSI benefits alleging disability due to degenerative disc disease, lumbar arthritis, and nerve disease of the

5

left leg. (Tr. 75). However, after a review of the evidence, an Administrative Law Judge (ALJ) determined that Mr. Green did not have a "severe" impairment. (Tr. 18-19). Accordingly, he was found not to be under a disability as defined in the Social Security Act. (Tr. 19). The Appeals Council declined to review, and this action followed.

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff stated at the administrative hearing before the ALJ that he had stopped working in March, 2003 because of chest pains, which were eventually determined to be the result of a gallbladder problem. (Tr. 227). Medical evidence indicates that all cardiac testing was essentially normal (Tr. 124, 126,128, 132-3), and Mr. Green's gallbladder was removed shortly thereafter, after a sonogram showed stones, sludge, and thick walls. (Tr. 142-3). A March 7, 2003 lumbosacral spine x-ray apparently taken in connection with this treatment showed minimal degenerative changes with anterior osteophytes and disc space narrowing at L5-S1 with "vacuum disc phenomenon." (Tr. 134).

The plaintiff was also evaluated for Black Lung disease, with a chest x-ray showing category 0/0 pneumoconiosis and apparently a pulmonary function test by Dr. Glen Baker showing an FEV-1 of 3.15 in August, 2003. (Tr. 188-90). Dr. Baker

6

Green

did diagnose coal worker's pneumoconiosis category 1/0, bronchitis, and hypoxemia, but indicated that any impairment would be "minimal or none." (Tr. 190).

The plaintiff started seeing his treating family physician, Dr. Steven Morgan, in May, 2002, complaining of chronic right shoulder pain, left elbow pain, and left hip pain. (Tr. 163). After March, 2003, Dr. Morgan's notes were focused on the plaintiff's complaint of low back pain after an injury at work, along with complaints of left lower extremity burning. (Tr. 161). His notes are somewhat cryptic and not entirely clear, but appear to indicate that he objectively found midline low back tenderness, and planned to obtain an MRI. (Id). He also wrote a letter stating that "due to lumbar spine degenerative disc disease I feel he is unable to perform any type of employment activities." (Tr. 156).

The MRI of the lumbar spine was obtained on May 14, 2003, and was interpreted by the radiologist as showing a herniated disc at L5-S1, extending to the neural foramen on the right. (Tr. 168). Dr. Morgan wrote another letter to the plaintiff's employer stating that, due to lumbar degenerative disc disease, lumbar arthritis, and herniation of the L5-S1 disc with left leg peripheral nerve disease, Mr. Green would not be able to return to work, and he was unable to perform any type of gainful employment. (Tr. 152). On an August 26, 2003 follow-up office visit, Mr. Green stated that his left leg was burning, and Dr. Morgan reviewed the MRI, but listed no objective findings. (Tr. 153). However, he assessed a herniated

nucleus pulposus, degenerative disc disease, and stated that the plaintiff was "disabled." (Tr. 152).

A state agency physician, Dr. H. T. Anzures, reviewed the record on August 7, 2003 and commented that the plaintiff had a herniated nucleus pulposus at L5-S1 which extended to the neural foramina on the right, but had no central or left-sided component and no stenosis. (Tr. 184). He suggested that the allegation of left leg burning was inconsistent with a herniated disc extending to the right, rather than the left. (Id.) He also noted that there was no finding on physical examination which indicated any radicular component, and that the lumbosacral spine x-ray had shown only mild degenerative disc disease. (Id.). He felt that the plaintiff did not have a "severe" impairment, and that Dr. Morgan's opinion of "disability" was a decision reserved to the Commissioner. (Id.).

The opinion of a treating source such as Dr. Morgan's is normally entitled to great weight, although it must be supported by adequate objective findings if it is to be given complete deference. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). However, the mere diagnosis of a condition does not establish disability; if a Listing is not met, the plaintiff still must show the existence of functional restrictions. See, e.g., Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990). In the present case, the ALJ had reasonable grounds to reject the opinion of Dr. Morgan. Although Mr. Green had a herniated disc, there were no clear physical

manifestations apparent in the physician's office notes. Moreover, the opinion of Dr. Anzures is medical evidence that Mr. Green's alleged symptoms were inconsistent with the objective findings on the MRI. Finally, the ALJ could reasonably have refused to accept Dr. Morgan's conclusory statement of "disability," which represented a vocational determination outside the physician's area of expertise.[2]

Therefore, the ALJ's conclusion that the plaintiff did not have a "severe" impairment, despite the liberal standards of Farris, supra, is supported by substantial evidence.

The decision will be affirmed.

This the 3/ day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2] For some inexplicable reason, the plaintiff did supply a copy of what appears to be a brief in support of a Motion for Summary Judgment to the defendant, although neither this brief nor any other was actually filed with the Clerk of Court. Having been provided a copy of this "brief" from the defendant's office, the Court will note in passing that the plaintiff's generic argument that the Social Security Act should be broadly construed in favor of disability, that the plaintiff's "impairments should have been considered in light of vocational testimony," and that the decision was not supported by substantial evidence, are all without merit and would not have produced a remand in any event.